UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WEST   COAST   LIFE   INSURANCE
COMPANY,

          Plaintiff,

v.                                        Case No:  2:14-cv-175-FtM-38DNF

BOURKE J. GORMAN, EDWARD J.
GORMAN, III, PATRICK A. GORMAN
and THOMAS E. MURPHY,

          Defendants.
_____/

## ORDER[1]

      This matter comes before the Court on the Defendant, Bourke Gorman's Notice of
Voluntary Dismissal without Prejudice Construed as a Motion to Voluntarily Dismiss
Count II Counterclaim for Civil Damages against Plaintiff and Count III Cross-Claim
Against Thomas E. Murphy for Civil Damages (Doc. #42) filed on July 22, 2014.  The
Plaintiff voluntarily dismisses without prejudice Counts II and III but states that Count I,
the Plaintiff's Counter Claim and Cross-Claim for Declaratory Judgment brought against
Plaintiff/Counter-Defendant and Cross Defendants remains in effect.

      Gorman seeks to voluntarily dismiss Counts II and III without prejudice; however,
Gorman does not present the Court with any law or reference to the Federal Rules as

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These
hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in
CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse,
recommend, approve, or guarantee any third parties or the services or products they provide on their Web
sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court
accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink
ceases to work or directs the user to some other site does not affect the opinion of the court.

grounds for the Court to dismiss the claims.  Federal Rule of Civil Procedure 41 allows a plaintiff to dismiss an entire action but not a single count in a multi-count action as desired here. Campbell v. Altec Indus., Inc., 605 F.3d 839, 841 n.1 (11th Cir. 2010) ("Rule 41 allows a plaintiff to dismiss all of his claims against a particular defendant, its text does not permit plaintiffs to pick and choose, dismissing only particular claims within an action.") (citing Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1106 (11th Cir. 2004)). Thus, the use of Rule 41 would not be proper here because all Parties will remain in the case despite the dismissal of Counts II and III.

The Eleventh Circuit continued that a plaintiff wishing to eliminate particular claims or issues from the action should amend the complaint under Fed. R. Civ. P. 15(a) rather than dismiss under Rule 41. Id.  Under Rule 15(a), Gorman could file an amended complaint with Count I as the only remaining claim.  Thus, the Notice to Dismiss Counts II and III construed as a motion to voluntarily dismiss is deemed improper and is due to be denied without prejudice.   Gorman is given leave to file an amended complaint under Rule 15(a) without Counts II and III.

Accordingly, it is now

**ORDERED:**

The Defendant, Bourke Gorman's Notice of Voluntary Dismissal without Prejudice Construed as a Motion to Voluntarily Dismiss Count II Counterclaim for Civil Damages against Plaintiff and Count III Cross-Claim Against Thomas E. Murphy for Civil Damages (Doc. #42) is **DENIED** without prejudice.

(1) The Defendant/ Counter-Plaintiff Borke Gorman is given leave to file an Amended Complaint dropping Counts II and III.

(2) Gorman has up to and including **August 25, 2014**, to file his amended complaint.

**DONE** and **ORDERED** in Fort Myers, Florida this 15th day of August, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record