UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WEST COAST LIFE INSURANCE
COMPANY,

        Plaintiff,

v.                             Case No:  2:14-cv-175-FtM-38DNF

BOURKE J. GORMAN, EDWARD J.
GORMAN, III , PATRICK A.
GORMAN, THOMAS E. MURPHY
and HELEN GORMAN,

        Defendants.
_____/

## ORDER[1]

    This matter comes before the Court on the Defendant, Helen Gorman's Motion for Summary Judgment against Thomas E. Murphy (Doc. #94) filed on March 17, 2015.  The Defendant Thomas E. Murphy, as personal representative of the Estate of James M. Murphy filed his Response in Opposition to the Motion for Summary Judgment (Doc. #101) on March 30, 2015.

## FACTS

    The Plaintiff West Coast Life Insurance Company initiated this action seeking a declaratory judgment to determine the rightful beneficiary of a life insurance policy (Policy) which insured the life of the decedent James M. Murphy.  The Policy number Z00817117

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

was issued on December 27, 1999, in the amount of $250,000.00.  When the insured, Thomas M. Murphy, purchased the Policy he designated himself as the insured and his wife Eileen Gorman Murphy as the owner and beneficiary (Doc. # 53-1, pp.22-24).

On May 8, 2009, Eileen Gorman Murphy signed a Change of Beneficiary form designating her seven children as contingent beneficiaries each receiving the following percentages of the Policy's payout as follows:

Edward J. Gorman, III ……………………………………………………14%
Bourke J. Gorman ……………………………………………………...14%
Erin G. Kirk ……………………………………………………………15%
Mathew A. Gorman …………………………………………………….14%
Kieran Gorman Cross …………………………………………………14%
Patrick A. Gorman ……………………………………………………...14%
Lauren A. Northrop …………………………………………………….15%

(Doc. #53, Ex. C).  On May 28, 2009, West Coast sent Eileen Gorman Murphy a letter informing her that her Change of Beneficiary failed because she did not list a primary beneficiary.  Eileen Gorman Murphy never responded to West Coast's letter.  As such, she remained the primary beneficiary of the Policy.

On August 19, 2010, Bourke Gorman informed West Coast that Eileen Gorman Murphy had designated him as her Power of Attorney including an Addendum to the General Power of Attorney (POA) granting Bourke Gorman the authority to create survivorship or inheritance rights in the Principal's assets and/or make gifts to himself and to others.  Bourke Gorman's POA bore the signature of Eileen Gorman Murphy and was dated December 18, 2009.  (Doc. #53, Ex. E).  West Coast acknowledged the POA by letter on August 27, 2010.

On October 4, 2011, Bourke J. Gorman submitted a Contingent Ownership form signed by him as POA appointing himself as contingent owner of the Policy.  On

November 4, 2011, West Coast requested confirmation of the change of Contingent Ownership from Eileen Gorman Murphy by letter.  She never responded to West Coast's request.   On November 10, 2011, Bourke Gorman informed West Coast that Eileen Gorman Murphy had passed away on October 10, 2011.   On November 28, 2011, West Coast acknowledged the Policy change transferring ownership of the Policy to Bourke Gorman.

On January 22, 2012, Bourke Gorman submitted a Change of Beneficiary form to West Coast signed by him as owner of the Policy naming himself and his wife Helen Gorman as equal primary beneficiaries and his children Emily B. Gorman, Bourke J. Gorman, Jr. and Bailey A. Gorman as equal contingent beneficiaries.  West Coast acknowledged the change in beneficiaries by letter on February 1, 2013.

On September 4, 2013, West Coast was informed by Counsel for James M. Murphy, Atty. Richard Lyon, the insured James M. Murphy had passed away on September 4, 2013.  Atty. Lyon sought documents regarding the Policy via subpoena issued by a court in Montgomery County, Maryland.  West Coast sent the appropriate forms to Atty. Lyon.

On September 17, 2013, West Coast sent the necessary claims forms to Bourke Gorman required to make a claim on the proceeds of the Policy.  Helen and Bourke Gorman submitted Claimants' Statements to West Coast.  West Coast issued a check to Helen Gorman in the amount of $125,107.88 on September 24, 2013.  A check in the amount of $125,107.88 was also issued to Bourke Gorman on the same date.

On September 27, 2013, West Coast received a letter for Attorney T. Robert Bulloch, the attorney representing the Estate of James M. Murphy, informing West Coast

that a dispute had arisen regarding the appropriate beneficiary of the Policy. West Coast issued a stop payment on the checks issued to Helen and Bourke Gorman.  The check issued to Helen Gorman cleared the bank prior to the stop payment order, however, the check issued to Bourke Gorman was cancelled.  West Coast subsequently requested that Helen Gorman repay the $125,107.88.  To date she has not repaid the funds.

On October 23, 2013, Thomas E. Murphy (hereinafter Murphy), the son of James M. Murphy, informed West Coast that the Estate of James M. Murphy had a claim on the proceeds of the Policy.  In his claim, Murphy alleged that Eileen Gorman Murphy lacked the capacity to sign the POA, that Bourke and Helen Gorman had no insurable interest in the life of the insured James M. Murphy, and that the family members of Eileen Gorman Murphy had requested that Maryland Protective Services investigate the financial transactions conducted on behalf of Eileen Gorman Murphy by Bourke Gorman.

Bourke Gorman declared to West Coast that he submitted a proper claim on the proceeds of the Policy.  The Policy specifically states in pertinent part, "The beneficiary will receive the death benefit of the policy when the insured dies . . . If no beneficiary is living when the insured dies, we will consider the policy owner to be the beneficiary. If the policy owner is not living, we will consider the estate of the policy owner to be the beneficiary." (Doc. #53, Ex. A, p.5).  Because of the dispute, West Coast brought the instant declaratory action to determine the beneficiary of the Policy.

Bourke Gorman disputes that the estate of James M. Murphy has ever been the beneficiary of the Policy.  He continues that all of the Policy's premiums were paid by Eileen Gorman Murphy from December 27, 1999, up to October 11, 2011. (Doc. #94-2, ¶5).  He states that between October 11, 2011, and September 4, 2013, that he paid all

of the monthly Policy premiums. (Doc. #94-2, ¶6).  According to his declaration, neither James M. Murphy nor the Estate of James M. Murphy paid any of the monthly premiums on the Policy.  Helen T. Gorman declares that neither James M. Murphy nor the Estate of James M. Murphy have been the beneficiary of the Policy, never been an owner of the Policy, nor have they paid any of the premiums on the Policy. (Doc. #94-3, ¶1-3).

## STANDARD OF REVIEW

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact" and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  An issue is genuine if there is sufficient evidence such that a reasonable jury could return a verdict for either party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 U.S. 2505, 91 L. Ed. 2d 202 (1986).  Similarly, an issue is material if it may affect the outcome of the suit under governing law. Id.   The moving party bears the burden of showing the absence of any genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).  In deciding whether the moving party has met this initial burden, the Court must review the record and all reasonable inferences drawn from the record in the light most favorable to the non-moving party.  Whatley v. CNA Ins. Co., 189 F.3d 1310, 1313 (11th Cir. 1999).  Once the Court determines that the moving party has met its burden, the burden shifts and the non-moving party must present specific facts showing that there is a genuine issue for trial that precludes summary judgment.  Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, S. Ct. 1348, 89 L. Ed. 2d 538 (1986).  "The evidence presented cannot consist of conclusory allegations, legal conclusions or evidence which would be inadmissible at trial."  Demyan v. Sun Life Assurance Co. of

Canada, 148 F. Supp. 2d 1316, 1320 (S.D. Fla. 2001) (citing Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991)).  Failure to show sufficient evidence of any essential element is fatal to the claim and the Court should grant the summary judgment.  Celotex, 477 U.S. at 322-323.  Conversely, if reasonable minds could find a genuine issue of material fact then summary judgment should be denied.  Miranda v. B & B Cash Grocery Store, Inc., 975 F.2d 1518, 1532 (11th Cir. 1992).

## DISCUSSION

Helen Gorman states that there are no genuine issues of material fact and therefore, summary judgment should be issued in her favor.  The Defendant Murphy argues the Motion for Summary Judgment is premature because discovery is still outstanding and the discovery period does not close until May 8, 2015.

### *Whether the Motion for Summary Judgment is Premature*

Murphy argues that he served a request for production on Helen and Bourke Gorman as well as request for production on the Plaintiff West Coast.  Discovery is still outstanding.  Murphy further states that a handwriting expert is going to review the signature of James M. Murphy on the life insurance application to determine if that signature is in reality that of James M. Murphy.  Additionally, Murphy states he is in the process of scheduling the deposition of Sharon Krohn, the insurance agent who originally sold the Policy to James M. Murphy.

Rule 56(d) states in pertinent part:

> **When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;

> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d)(emphasis in original).

Murphy's argument is well taken.  Rule 56 "implies that the District Court should not grant summary judgment until the non-movant has had an adequate opportunity for discovery." Wingate v. U.S. Dept. of Homeland Sec., 2012 WL 920105, *1 (M.D. Fla. March 19, 2012).  Furthermore, the Eleventh Circuit has determined that "summary judgment may only be decided upon an adequate record." Id. (citing Snook v. Trust Co. of Ga. Bank, 859 F.2d 865, 870 (11th Cir.1988).  The Eleventh Circuit expounded:

> [S]ummary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery. The party opposing a motion for summary judgment has a right to challenge the affidavits and other factual materials submitted in support of the motion by conducting sufficient discovery so as to enable him to determine whether he can furnish opposing affidavits. If the documents or other discovery sought would be relevant to the issues presented by the motion for summary judgment, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials. Generally summary judgment is inappropriate when the party opposing the motion has been unable to obtain responses to his discovery requests.

Id. at 870 (internal citations omitted).

In this instance, Murphy has been unable to receive responses to his outstanding discovery request and has not had time to have the signature on the Policy examined by his expert.  Since the discovery period has not expired and Murphy still has outstanding discovery, the instant Motion for Summary Judgment is premature.   Upon due consideration, the Motion for Summary Judgment is denied without prejudice as prematurely filed.

Accordingly, it is now

**ORDERED:**

The Defendant, Helen Gorman's Motion for Summary Judgment against Thomas

E. Murphy (Doc. #94) is **DENIED without prejudice**.

**DONE** and **ORDERED** in Fort Myers, Florida this 8th day of April, 2015.

**SHERI POLSTER CHAPPELL**
**UNITED STATES DISTRICT JUDGE**

Copies:  All Parties of Record