UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WEST COAST LIFE INSURANCE
COMPANY,

    Plaintiff,

v.    Case No:   2:14-cv-175-FtM-38DNF

BOURKE J. GORMAN; EDWARD J.
GORMAN, III and PATRICK A.
GORMAN as Co-Personal Representatives
of the ESTATE OF EILEEN GORMAN
MURPHY; , THOMAS E. MURPHY as
Personal Representative of the ESTATE OF
JAMES M. MURPHY; and HELEN
GORMAN,

    Defendants.
_____/

BOURKE J. GORMAN, Individually,

    Counter/Cross Plaintiff,

v.

WEST COAST LIFE INSURANCE COMPANY,

    Counter-Defendant,

and

EDWARD J. GORMAN, III and PATRICK A.
GORMAN as Co-Personal Representatives of
the ESTATE OF EILEEN GORMAN
MURPHY; THOMAS E. MURPHY
as Personal Representative of the ESTATE
OF JAMES M. MURPHY,

    Cross-Defendants.
_____/

EDWARD J. GORMAN, III and PATRICK A.

GORMAN as Co-Personal Representatives of
the ESTATE OF EILEEN GORMAN
MURPHY,

    Counter/Cross Plaintiffs,

v.

WEST COAST LIFE INSURANCE COMPANY,

    Counter-Defendant,

and

BOURKE J. GORMAN, individually
and HELEN GORMAN, Individually,

    Cross-Defendants.

_____/

HELEN GORMAN, Individually,

    Counter/Cross Plaintiff,

v.

WEST COAST LIFE INSURANCE COMPANY,

    Counter-Defendant,

and

EDWARD J. GORMAN, III and PATRICK
A. GORMAN as Co-Personal
Representatives of the ESTATE OF
EILEEN GORMAN MURPHY; and
THOMAS E. MURPHY as Personal
Representative of the ESTATE OF JAMES
M. MURPHY,

    Cross-Defendants.

_____/

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause is before the Court on the Order (Doc. 118) entered on July 22, 2015, and Order to Show Cause (Doc. 119) entered on August 10, 2015.  On July 22, 2015, the Court entered an Order (Doc. 118) which allowed counsel, Enita Kushi of the Kushi Law Firm, P.A. to withdraw as counsel for Thomas E. Murphy as Personal Representative of the Estate of James M. Murphy.  The Court informed Thomas Murphy in his capacity as Personal Representative that he must obtain counsel to represent him.  Pursuant to 28 U.S.C. § 1654, a party may appear and conduct their own cases personally.  However, a lay person is not permitted to represent any other person or entity.  *United States of America v. Blake Medical Center*, 2003 WL 21004734, at *1 (M.D. Fla. Feb. 13, 2003).  Thus, the Court required Thomas Murphy in his capacity as Personal Representative of the Estate of James M. Murphy to retain counsel.  The Court cautioned Thomas Murphy that if no Notice of Appearance was filed by new counsel within fourteen (14) days from the date of the Order, the Court would recommend that a default be entered against Thomas E. Murphy, as Personal Representative of the Estate of James M. Murphy.  Thomas E. Murphy as Personal Representative of the Estate of James M. Murphy was added to the CM/ECF service list, and received a copy of the Court's Order (Doc. 118).

On August 10, 2015, the Court entered an Order to Show Cause (Doc. 119).  The Court reiterated that Thomas E. Murphy as Personal Representative of the Estate of James M. Murphy was required to retain counsel.  The Court noted that Thomas Murphy failed to retain counsel. Again, the Court cautioned Thomas Murphy that if he failed to retain counsel within fourteen (14) days from the date of the Order to Show Cause, the Court would recommend that a default be entered against him in his capacity as Personal Representative of the Estate of James M.

Murphy.    No Notice of Appearance was filed on behalf of Thomas E. Murphy as Personal Representative of the Estate of James M. Murphy.

Thomas E. Murphy as Personal Representative of the Estate of James M. Murphy must be represented by counsel in this action.   Thomas Murphy has failed to retain counsel after his counsel withdrew.   In the Order (Doc. 118) and the Order to Show Cause (Doc. 120), the Court had informed Thomas Murphy of the requirement that he retain counsel to represent him in his capacity as Personal Representative of the Estate of James M. Murphy.   The Court cautioned Thomas Murphy that if he failed to retain counsel, a default would be entered against him in his capacity as Personal Representative of the Estates of James M. Murphy.   Thomas Murphy as Personal Representative of the Estate of James M. Murphy failed to comply with the prior Orders and failed to retain counsel to represent him.   Therefore, the Court recommends that a default be entered against Thomas E. Murphy as Personal Representative of the Estates of James M. Murphy.

**IT IS RESPECTFULLY RECOMMEDED:**

That a default be entered against Thomas E. Murphy as Personal Representative of the Estates of James M. Murphy for failing to retain counsel and for failing to comply with Court Orders.

A party waives the right to challenge on appeal a finding of fact or conclusion of law adopted by the District Judge if the party fails to object to that finding or conclusion within fourteen days after issuance of the Report and Recommendation containing the finding or conclusion.

Respectfully recommended in Chambers in Ft. Myers, Florida on September 9, 2015.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties