UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WEST COAST LIFE INSURANCE
COMPANY,

    Plaintiff,

v.                                        Case No:  2:14-cv-175-FtM-38MRM

BOURKE J. GORMAN, EDWARD J.
GORMAN, III , PATRICK A.
GORMAN, THOMAS E. MURPHY
and HELEN GORMAN,

    Defendants.
_____/

**<u>ORDER</u>**[1]

This matter comes before the Court on the Report and Recommendation of Magistrate Judge Mac R. McCoy recommending that a default be entered against the Defendant Thomas E. Murphy, as the Personal Representative of the Estate of James M. Murphy (Doc. #122) filed on September 9, 2015.  No response or objection has been filed by Thomas E. Murphy as the representative of the Estate of James M. Murphy and the time to do so has expired.

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If no specific objections to findings of fact are filed, the district judge is not required to conduct a *de*

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

*novo* review of those findings. Garvey v. Vaughn*, 993 F.2d 776, 779 n. 9 (11th Cir.1993)*. However, the district judge must review legal conclusions *de novo,* even in the absence of an objection. Cooper–Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir.1994).

## **PROCEDURAL HISTORY**

On July 22, 2015, Enita Kushi of the Kushi law firm was granted permission to withdraw as counsel for Murphy as the personal representative of the estate of James M. Murphy (personal representative). Judge McCoy directed Murphy to retain counsel within fourteen (14) days of Atty. Kushi withdrawing as counsel. Judge McCoy explained that a layman may represent himself in court but is not permitted to represent another party. U.S. v. Blake Medical Center, 2003 WL 21004734, *1 (M.D. Fla. Feb. 13, 2003). After fourteen days had passed, no notice of appearance had been filed by counsel and Murphy did not respond to the Court's Order.

On August 10, 2015, the Court issued an Order to Show Cause, directing Murphy to show cause why he failed to obtain counsel. In that Order, the Court cautioned Murphy that a default could be entered against him in his role as personal representative if he did not obtain counsel within fourteen (14) days of the Order. Again, Murphy failed to respond and no notice of appearance was filed by counsel. As a result of Murphy's continued disobedience to the Court's Orders, Judge McCoy issued the instant Report and Recommendation recommending that a default be entered against Murphy as personal representative for failing to obtain counsel as required.

## **DISCUSSION**

Rule 16(f), Federal Rules of Civil Procedure, provides that the Court may award sanctions, including those authorized by Fed. R. Civ. P. 37(b)(2)(A) (ii-vii), if a party fails

to obey a scheduling order or other pretrial order. Broadcast Music, Inc. v. MBratta Enterprises, Inc., 2015 WL 3765200, *2 (M.D. Fla. June 16, 2015) (citing Fed. R. Civ. P. 16(f)). Those sanctions may include striking the pleadings or rendering a default judgment against the disobedient party. Fed. R. Civ. P. 37(b)(2)(A)(iii) and (vi).

It is a long held principal that artificial entities must be represented by counsel because they can only act through agents. Broadcast Music, 2015 WL 3765200, at *2 (citing Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir.1985) (citing Commercial and Railroad Bank of Vicksburg v. Slocomb, 39 U.S. 60, 14 Pet. 60, 10 L. Ed. 354 (1840); U.S. v. Blake Medical Center, 2003 WL 21004734, *1 (M.D. Fla. Feb. 13, 2003) (holding that a lay person is entitled to represent only himself, not any other person or entity). Courts in this district have directed the clerk to enter a default against a[n] [artificial entity] for failure to retain counsel. Id. (citing Varela v. Innovative Writing Solutions, LLC., 2008 WL 2700053 *1 (M.D.Fla.2008)).

In this case, the Court gave Murphy fourteen (14) days to obtain new counsel. When he failed to comply with the Court's Order, the Court issued another Order directing him to obtain counsel to represent him as personal representative and warned of the consequences if he failed to comply.  Even after being warned that a default would be entered against him as personal representative, Murphy still failed to respond or retain counsel as directed.  The Court provided Murphy with an explicit directive on two (2) separate occasions and advised him of the consequences for failure to comply.

Therefore, after careful consideration of the Report and Recommendation and an independent review of the file, the Court adopts, accepts, and approves the Report and Recommendation.

Accordingly, it is now

**ORDERED:**

The Report and Recommendation of Magistrate Judge Mac R. McCoy recommending that a default be entered against the Defendant Thomas E. Murphy, as the Personal Representative of the Estate of James M. Murphy ([Doc. #122](Doc. #122)) is **ACCEPTED and ADOPTED.**

1) The Clerk shall enter a **CLERK'S DEFAULT** against Thomas E. Murphy as personal representative of the Estate of James M. Murphy.

2) The Court directs the Plaintiff, West Coast Life Insurance, to move for a default judgment on or before **October 21, 2015**.

**DONE** and **ORDERED** in Fort Myers, Florida, this 7th day of October, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record